# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DUNCAN J. McNEIL, III,      :
    Plaintiff,         :      CIVIL NO. 1:CV-05-1251
                        :
      v.             :     (Judge Kane)
                        :
UNITED STATES OF AMERICA, et al., :
    Defendants.        :

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the Court are Plaintiff's pro se Complaint (Docs. No. 1), First Amended Complaint

(Doc. 12), Second Amended Complaint (Doc. 13), and application to proceed In Forma Pauperis

(Doc No. 3).[1]  Plaintiff's application to proceed in forma pauperis is hereby granted, however,

Plaintiff's complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court is required to review a pro se plaintiff's complaint prior to service of process under

28 U.S.C. §1915(e).   This section states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>         (i) is frivolous or malicious
>
>                       * * *

28 U.S.C. §1915(e).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact"

or the claims describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325-28

---

[1] Also pending before the Court are Plaintiff's motion for miscellaneous relief (Doc. No. 10) and motion for findings of fact/conclusions of law (Doc. No. 14).  As the Court will dismiss the case pursuant to 28 U.S.C. §1915(e), these motions will be denied as moot.

(1989).

Plaintiff is a resident of Spokane, Washington and is presently incarcerated in Spokane County Prison.  (Doc. No. 1 at 3.)  Within his three handwritten complaints, Plaintiff accuses the United States of America, Clerk of Court for the United States District Court for the Middle District of Pennsylvania, Clerk of Court for the United States Bankruptcy Court for the Middle District of Pennsylvania, United States Attorney's office, Office of the United States Trustee, United States Marshall's Service, Federal Bureau of Investigations, Internal Revenue Service, Secret Service, and John Does 1 through 500, of multiple federal statutory and constitutional violations.  (Doc. No. 4.)  These claims include, inter alia, complaints about: Defendants' failure to pay Plaintiff unspecified liquidated damages; failure to keep unspecified records; access to the Courts; retaliation by Defendants; and the conditions and validity of his imprisonment.  In particular, Plaintiff claims that he is under "imminent danger of serious physical injury . . . due to acts of intentional indifference to the plaintiff's health, safety and welfare. . ." by Defendants, including, inter alia, the withholding of medication.  (Doc. No. 13 at 8-9.)

Although Plaintiff's papers are difficult to parse, it appears that on September 26, 2000, the United States District Court for the Eastern District of Washington entered judgment in favor of Plaintiff in the amount of $309,610 for services he rendered to a company going through Chapter 11 bankruptcy.  (Doc. No. 1 at 18-22.)  Plaintiff claims that he is the "owner of certain 'foreign judgments,'" but provides the Court with no details as to what monies are owed and by whom.  (Doc. No. 1.)  In his complaints, Plaintiff generally alleges that he is wrongly imprisoned, but neither indicates the purported basis for his imprisonment nor why his confinement is unlawful.  Further, Plaintiff pleads nothing to indicate that the Middle District of Pennsylvania was the locus delicti for any of the events

2

described in his complaints.

Even under the most liberal reading of the Complaint, Plaintiff fails to allege any facts that would provide an arguable basis in law or fact for any claim for which relief can be granted against the named Defendants.  Plaintiff does not indicate how any of the above-named Defendants are implicated in his incarceration in a county prison, nor how they are connected in any way to Plaintiff's other numerous claims.

Accordingly, **IT IS ORDERED THAT** Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED.   IT IS FURTHER ORDERED THAT** Plaintiff's complaint (Docs. No. 1, 12, and 13) is **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(i).  **IT IS FURTHER ORDERED THAT** Plaintiff's motion for miscellaneous relief (Doc. No. 10) and motion for findings of fact/conclusions of law (Doc. No. 14) are **DENIED** as moot.  The Clerk of Court is directed to close the file.

.

S/ Yvette Kane
Yvette Kane
United States District Judge

Date: September 16, 2005